Jennifer M. Gaddis, (OSB No. 071194)
jgaddis@ghrlawyers.com
Travis A. Merritt, (OSB No. 195857)
tmerritt@ghrlawyers.com
GARRETT HEMANN ROBERTSON P.C.
P.O. Box 749
Salem, Oregon 97308-0749
Tel: (503) 581-1501
Fax: (503) 581-5891
Daniel B. Atchison, (OSB No. 040424)
datchison@cityofsalem.net
CITY OF SALEM, LEGAL DEPARTMENT
PO Box 14300
Salem, Oregon 97309-3986
Tel: (503) 588-6003
Fax: (503) 361-2202
    Of Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MARINA BALDWIN, | No. 6:24-cv-01307 |
| Plaintiff, | **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** |
| vs. | |
| CITY OF SALEM, | |
| Defendant. | |

Defendant, City of Salem ("The City," "Defendant"), by and through its attorneys of record, Jennifer M. Gaddis, Travis A. Merritt, and Daniel B. Atchison provide the following answer and affirmative defenses to Plaintiff's Complaint.

I.    INTRODUCTION

1.

Paragraphs 1-3 are Plaintiff's introduction statement of the case to which no response is

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES:    Page - 1
*Marina Baldwin v. City of Salem*

required. To the extent the Introduction alleged facts, they are denied.

## II.   JURISDICTION AND VENUE

2.

Defendant admits this Court has subject matter jurisdiction as to Plaintiff's claims for relief which allege claims under federal law. Defendant further admits this Court has supplemental jurisdiction as to Plaintiff's claim for relief for negligence which arises under state law.

3.

Defendant admits venue is proper in the U.S. District Court, District of Oregon, Eugene Division.

## III.   PROCEDURAL REQUIREMENTS

4.

Paragraphs 6-8 are Plaintiff's summation of the procedural history of this matter. To the extent the summation includes alleged facts, they are denied. Defendant further denies that all of Plaintiff's allegations were timely filed with the Oregon Bureau of Labor and Industries ("BOLI") and the Equal Employment Opportunity Commission ("EEOC").

## IV.   PARTIES

5.

Defendant admits paragraphs 9-13.

6.

Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 14-15, and therefore deny the same at this time.

/ / / /

/ / / /

7.

Defendant admits Deborah Ingledew is a manager of employees in the City's Municipal Court. The remainder of Paragraph 16 in Plaintiff's Complaint are legal conclusions to which no response is required.

8.

Defendant admits Kirsten Madigan is the Senior Human Resources Analyst at the City. The remainder of Paragraph 17 in Plaintiff's Complaint are legal conclusions to which no response is required.

9.

Defendant admits Michelle Bennett is the Human Resources Operations Division Manager at the City. The remainder of Paragraph 18 in Plaintiff's Complaint are legal conclusions to which no response is required.

10.

Defendant admits Josh Eggleston is the Chief Financial Officer at the City. The remainder of Paragraph 19 in Plaintiff's Complaint are legal conclusions to which no response is required.

11.

Defendant admits Jeremy Morgan is a management level employee at the City. The remainder of Paragraph 20 in Plaintiff's Complaint are legal conclusions to which no response is required.

## IV. FACTUAL ALLEGATIONS

12.

Defendant admits the second "Paragraph 19," which is contained after the first Paragraph 20 (as the order of Paragraphs in Plaintiff's Complaint is: 19, 20, 19, 20, 21).

13.

Defendant lacks sufficient knowledge or information to admit or deny the allegations in the second "Paragraph 20," which comes after the second paragraph 19 (as the order of Paragraphs in Plaintiff's Complaint is: 19, 20, 19, 20, 21), and therefore deny the same at this time.

14.

Defendant admits Paragraph 21.

15.

Defendant denies Paragraph 22.

16.

Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 23, and therefore denies the same.

17.

In response to Paragraphs 24-25 Defendant admits that Plaintiff contacted Ms. Madigan at Human Resources. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 24-25, and therefore denies the same.

18.

Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 26, and therefore denies the same.

19.

In response to Paragraph 27, Defendant admits that Plaintiff reported Ms. Ingledew alleging a hostile work environment. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 27 and its subparts, and therefore denies the same.

20.

In response to Paragraph 28, Defendant admits that Plaintiff emailed Ms. Ingledew on or around the date stated. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in this Paragraph and therefore denies the same.

21.

Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 29-31, and therefore denies the same.

22.

In response to Paragraph 32, Defendant admits that Plaintiff emailed Ms. Madigan on or around the date alleged. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in this Paragraph and therefore denies the same.

23.

In response to Paragraphs 33-38, Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 33-38, and therefore denies the same.

24.

In response to Paragraph 39, Defendant denies that Plaintiff was the sole employee who had a modified workspace. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in this Paragraph and therefore denies the same.

25.

In response to Paragraphs 40-41, Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 40-41 and therefore denies the same.

26.

In response to Paragraph 42, Defendants admit that Plaintiff emailed Ms. Madigan on or

around the time alleged. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in this Paragraph and therefore denies the same.

27.

In response to Paragraph 43, Defendant admits that Plaintiff made allegations in a complaint against Ms. Ingledew, and an investigation occurred based on the allegations in said complaint.

28.

In response to Paragraph 44, Defendant admits Ms. Ingledew emailed staff regarding the return of Mr. Bartel. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in this Paragraph and therefore denies the same.

29.

In response to Paragraphs 45-46, Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 45-46, and therefore denies the same.

30.

In response to Paragraph 47, this paragraph contains conclusions of law which do not require a response from Defendant. To the extent that Paragraph 47 and its subparts makes factual allegations, Defendant denies.

31.

In response to Paragraphs 48-52, Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 48-52, and therefore denies the same.

32.

In response to Paragraph 53, Defendant admits that two employees resigned during Plaintiff's maternity leave, Defendant lacks knowledge or information to admit or deny the remaining allegations in this paragraph and therefore denies the same.

33.

In response to Paragraph 54, Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 54, and therefore denies the same.

34.

In response to Paragraph 55, Defendant admits Plaintiff communicated to Mr. Madigan. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 55, and therefore denies the same.

35.

In response to Paragraphs 56-57, Defendant admits that the document speaks for itself.

36.

In response to Paragraphs 58-73, Defendant admits that Plaintiff exchanged emails with various employees with the City in September of 2022 and the content of said emails speak for themselves.

37.

In response to Paragraph 74, Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 74, and therefore denies the same.

38.

In response to Paragraphs 75-81, Defendant admits that Plaintiff exchanged emails and other communications with Human Resources at the City in October and November of 2022 and the content of said communications speak for themselves.

39.

In response to Paragraphs 82-85, Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraphs 82-85, and therefore denies the same.

40.

Paragraphs 86-87 contain legal conclusions to which Defendant is not required to respond. To the extent that these paragraphs contain factual allegations, Defendant denies.

41.

Paragraph 88 contains legal conclusions to which Defendant is not required to respond. To the extent that this paragraph and its subparts contain factual allegations, Defendant denies.

42.

In response to Paragraph 89, the communication referred to in this paragraph speaks for itself.

43.

In response to Paragraph 90, Defendant admits that Plaintiff resigned from her employment, and said communication regarding her resignation speaks for itself.

44.

Defendant denies Paragraphs 91-93.

45.

Paragraph 94 is a Paragraph of incorporation. Defendant admits and denies this paragraph as admitted and denied above.

46.

Defendant denies Paragraph 95-98.

47.

Paragraph 99 is a legal conclusion to which Defendant is not required to respond. Defendant admits Plaintiff hired legal counsel and denies the remaining allegations of fact in this paragraph.

48.

Paragraph 100 is a Paragraph of incorporation. Defendant admits and denies this paragraph

as admitted and denied above.

49.

Defendant denies Paragraphs 101-104.

50.

Paragraph 105 is a legal conclusion to which Defendant is not required to respond. Defendant admits Plaintiff hired legal counsel and denies the remaining allegations of fact in this paragraph.

51.

Paragraph 106 is a Paragraph of incorporation. Defendant admits and denies this paragraph as admitted and denied above.

52.

Defendant denies Paragraphs 107-110.

53.

Paragraph 111 is a legal conclusion to which Defendant is not required to respond. Defendant admits Plaintiff hired legal counsel and denies the remaining allegations of fact in this paragraph.

54.

Paragraph 112 is a Paragraph of incorporation. Defendant admits and denies this paragraph as admitted and denied above.

55.

Defendant denies Paragraphs 113-119.

56.

Paragraph 120 is a legal conclusion to which Defendant is not required to respond. Defendant admits Plaintiff hired legal counsel and denies the remaining allegations of fact in this paragraph.

57.

Paragraph 121 is a Paragraph of incorporation. Defendant admits and denies this paragraph as admitted and denied above.

58.

Defendant denies Paragraphs 122-130

59.

Paragraph 131 is a legal conclusion to which Defendant is not required to respond. Defendant admits Plaintiff hired legal counsel and denies the remaining allegations of fact in this paragraph.

60.

Paragraph 132 is a Paragraph of incorporation. Defendant admits and denies this paragraph as admitted and denied above.

61.

In response to Paragraph 133, Defendant admits Plaintiff requested and received leave related to pregnancy. Defendant denies Plaintiff's conflation of a request for hybrid work after FMLA leave with her FMLA leave request.

62.

Defendant admits Paragraph 134.

63.

Defendant denies Paragraph 135-139.

64.

Paragraph 140 is a Paragraph of incorporation. Defendant admits and denies this paragraph as admitted and denied above.

65.

Defendant admits Paragraphs 141-143.

66.

Defendant denies Paragraphs 144-150.

67.

Defendant denies Plaintiff's Prayer for Relief.

68.

Except as expressly admitted herein, Defendant denies all allegations in Plaintiff's Complaint.

69.

Defendant requests a trial by jury.

## FIRST AFFIRMATIVE DEFENSE

**70.**

Some or all of Plaintiff s claims fail to allege fact sufficient to constitute a claim for relief against Defendant.

## SECOND AFFIRMATIVE DEFENSE

**71.**

Some or all of Plaintiffs claims, or portions thereof, are barred as they are beyond the scope of the claims Plaintiff made to the Bureau of Labor and Industries and/or the Equal Employment Opportunity Commission

## THIRD AFFIRMATIVE DEFENSE

**72.**

Agents of Defendant lacked malice and acted in good faith at all material times.

## FOURTH AFFIRMATIVE DEFENSE

**73.**

Plaintiff had and has a continuous obligation to mitigate her damages. Defendant is entitled to an offset for any damages attributable to Plaintiff's failure to so mitigate her damages.

## FIFTH AFFIRMATIVE DEFENSE

**74.**

Plaintiff s claims lack an objectively reasonable basis.

## FIFTH AFFIRMATIVE DEFENSE

**75.**

Plaintiff s alleged claims against Defendant fail to establish *Monell* liability.

## SIXTH AFFIRMATIVE DEFENSE

**76.**

Any treatment Plaintiff perceived was uniform among City employees and was not based on any protected class or conduct.

## RESERVATION TO ADD ADDITIONAL AFFIRMATIVE DEFENSES

**77.**

Defendant reserves the right to add additional affirmative defenses as discovery proceeds in this case.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

WHEREFORE, Defendant City of Salem prays for judgment as follows:

    a. That all Plaintiff's claims against Defendant be dismissed, with prejudice;

    b. That the Court award Defendant its costs and fees; and

    c. For such other relief as the Court deems proper.

DATED this 11th day of October, 2024.

GARRETT HEMANN ROBERTSON P.C.

*s/ Jennifer M. Gaddis*
Jennifer M. Gaddis, (OSB No. 071194)
jgaddis@ghrlawyers.com
Of Attorneys for Defendant

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES:     Page - 13
*Marina Baldwin v. City of Salem*

# CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** on the date indicated below,

☐ Via First-Class Mail with postage prepaid
☐ Via Facsimile Transmission
☒ Via Electronic Filing Notice
☒ Via Email
☐ Via Hand Delivery
☐ Via Overnight Delivery

to the following person(s) a true copy thereof, contained in a sealed envelope (if other than by facsimile transmission), addressed to said person(s) at their last known addresses indicated below:

Charese Rohny, OSB No. 953946
Krista M. Cordova, OSB No. 155616
MCKANNA BISHOP JOFFE LLP
1635 NW Johnson Street
Portland, OR 97209
Phone: 503-226-6111
Direct: 971-438-0244
Fax: 503-226-6121
Email: crohny@mbjlaw.com
        kcordova@mbjlaw.com
Of Attorneys for Plaintiff


DATED this 11th day of October, 2024

GARRETT HEMANN ROBERTSON P.C.

_____*s/ Jennifer M. Gaddis*_____
Jennifer M. Gaddis, (OSB No. 071194)
jgaddis@ghrlawyers.com
Of Attorneys for Defendant


CERTIFICATE OF SERVICE:
*Marina Baldwin v. City of Salem*